UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

STEVEN R. DEWITT,

    Plaintiff,

v.                                              Case No. 4:18cv567-WS-CJK

CASANDRA D. MARTIN, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This cause is before the court on plaintiff's *pro se* civil rights complaint filed under 42 U.S.C. § 1983 (doc. 1), and motion to proceed *in forma pauperis* (doc. 2). The undersigned concludes this case should be transferred to the United States District Court for the Middle District of Florida based on venue considerations.

Plaintiff is an inmate of the Florida Department of Corrections currently confined at Hamilton Correctional Institution in Jasper, Florida. Plaintiff sues four prison officials at Hamilton CI, claiming they violated his rights under the First and Eighth Amendments when they verbally threatened him, fabricated disciplinary charges against him in retaliation for his underlying crime (child molestation) and prior grievances, and "overlooked critical evidence" during his disciplinary hearing. As relief, plaintiff seeks "[a] cash reward of one million dollars". (Doc. 1).

*Page 2 of 4*

Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in (1) a judicial district in which any defendant resides if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id*. Section 1404 further provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); *see also* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). The decision to transfer an action is left to the "sound discretion of the district court and [is] reviewable only for an abuse of that discretion." *Roofing & Sheeting Metal Servs. v. La Quinta Motor Inns*, 689 F.2d 982, 985 (11th Cir. 1982). Such transfers may be made *sua sponte* by the district court. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *Robinson v. Madison*, 752 F. Supp. 842, 846 (N.D. Ill. 1990) ("A court's authority to transfer cases under §

1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation.").

This judicial district has no relation to the litigation at issue. The events underlying this action arose in Hamilton County, Florida, which is in the Middle District. The state officials who engaged in the allegedly unconstitutional conduct reside in Hamilton County. Neither the private interests of the litigants nor the public interest in the administration of justice is even minimally advanced by venue being maintained in this district.

Accordingly, it is respectfully RECOMMENDED:

1. That this case be TRANSFERRED to the United States District Court for the Middle District of Florida.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 11th day of December, 2018.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

*Case No. 4:18cv567-WS-CJK*

*Page 4 of 4*

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

*Case No. 4:18cv567-WS-CJK*